**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM DAVIS FABAR,

Petitioner,

v. No. 26-CV-02929-DHU-JHR

MARKWAYNE MULLIN, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner William Davis Fabar's Petition for Writ of Habeas Corpus ("Petition"), where he argues that his prolonged post-removal detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, and the Due Process Clause of the Fifth Amendment. Doc. 1 at 7.[1] Petitioner requests a Writ of Habeas Corpus ordering Respondents to immediately release him or, alternatively, ordering Respondents to provide him with a bond hearing. *Id.* at 10.

Respondents have filed a response to the Petition stating that they "are not submitting a brief in opposition" and that they "recognize that the Court may then decide to grant the Petition." Doc. 9 at 1. Respondents further submit that, "if the Court does grant the Petition, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security" ("DHS") under 8 U.S.C. § 1231(a)(3). *Id.*

---

[1] Petitioner also argues that Immigrations and Customs Enforcement ("ICE") violated the Administrative Procedures Act when it failed to follow its own regulations regarding the revocation of an order of supervision; ICE failed to provide him notice and an opportunity to respond to revocation of his release; and his re-detention violates the Due Process Clause of the Fifth Amendment. Doc. 1 at 3-6. However, because the Court is granting Petitioner's Petition on his post-removal INA and Due Process claims, the Court "declines to address these remaining claims of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" *Alfaro Herrera v. Baltazar*, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting *Series 17-03-615 v. Teva Pharms. USA, Inc.*, 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); *see also C1.G on behalf of C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of the INA and the Due Process Clause.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner from custody within **twenty-four (24) hours** of this Order and subject him to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3).

**IT IS FURTHER ORDERED** that Respondents file a Notice of Compliance no later than **three (3) days** from this Order confirming Petitioner's timely release.

The Court will issue a separate final judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE